■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED VISCONTI, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Kings County (Grajales, J.), rendered April 25, 1983, convicting him of attempted criminal possession of stolen property in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The trial court did not err in charging that the jury could infer that the defendant knew the jewelry in question was stolen if it found that the defendant was in the business of buying, selling or otherwise dealing in property and had not ascertained by reasonable inquiry that the seller had a legal right to possess the property (see, Penal Law § 165.55 [2]; *People v Isolano,* 121 AD2d 470). Contrary to the defendant's claim, the charge indicated that the jury was both free to reject the presumption in the first instance and to disregard it, even if it initially accepted it, if it found that other evidence had rebutted the presumption. Any danger that the language employed could have shifted or diluted the People's burden of proof (see, *Sandstrom v Montana,* 442 US 510, 517), was alleviated by the court's explicit instruction to the contrary.

We have considered the defendant's remaining contentions and have found them to be without merit. Thompson, J. P., Niehoff, Weinstein and Eiber, JJ., concur.